■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MESIAS PINA, Appellant. [979 NYS2d 798]—

Appeals from judgment, Supreme Court, Bronx County (Catherine M. Bartlett, J.), rendered June 4, 2008, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree, and sentencing him to a term of one year, and order, same court (Doris M. Gonzalez, J.), entered May 1, 2012, which denied defendant's CPL 440.10 motion to vacate the judgment, held in abeyance, and the matter remitted to Supreme Court for an evidentiary hearing to determine if defendant was denied effective assistance of counsel.

---

The motion court erred in deciding defendant's CPL 440.10 motion without conducting a hearing because there are factual questions as to counsel's mental acuity during the time immediately proceeding defendant's plea and at the time of the plea. The record demonstrates that, prior to his plea in June 2008, defendant raised issues regarding counsel's competence. This Court later suspended counsel from the practice of law due to mental illness, noting that he "exhibited symptoms of mild cognitive impairment in February 2008 which have since resulted in a diagnosis of Alzheimer's disease" (*Matter of Kalina*, 78 AD3d 92, 93 [1st Dept 2010]). Although the suspension of an attorney due to mental illness "does not itself establish that every representation of a criminal defendant by that attorney during the time period giving rise to the suspension was necessarily ineffective" (*People v Lopez*, 298 AD2d 114, 117 [1st Dept 2002], *lv denied* 99 NY2d 616 [2003]), the concerns raised by defendant present questions of fact regarding counsel's ability, thereby necessitating a hearing.

Further, having reviewed counsel's medical records, furnished previously by counsel to the Departmental Disciplinary Committee, we note they may contain information relevant to defendant's claims. Thus, the medical records shall be made available for the purpose of determining former counsel's competence at the time he represented defendant. The parties shall contact the Appellate Division to obtain the records. Concur—Mazzarelli, J.P., Friedman, DeGrasse, Richter and Manzanet-Daniels, JJ.